UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Vickie Wallace,<br><br>Plaintiff,<br><br>v.<br><br>Credit Control, LLC and Resurgent Receivables, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ ("FDCPA")** |

///

///

///

///

///

///

///

///

COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. Vickie Wallace ("Plaintiff"), through his attorneys, brings this Complaint against Credit Control, LLC ("Credit Control") and Resurgent Receivables, LLC ("Resurgent") (or jointly as "Defendants") for its violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., for failing to validate a debt after a request in writing was sent by Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid these violations.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

7. This Court has personal jurisdiction over Defendants because Defendants directed their unlawful collection attempts at Plaintiff, a Washington resident.

8. Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Clark County, Washington, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

9. More specifically, Defendants abusively sought to collect a debt by continuing to collect without providing validation of debt, which occurred while Plaintiff was located in Clark County.

## PARTIES & DEFINITIONS

10. Plaintiff is an individual residing in Vancouver, Washington, and she is, and at all times mentioned was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Upon information and belief, Credit Control is, and at all times mentioned herein, was a debt collection agency located in Earth City, Montana.

12. Upon information and belief, Credit Control has a principal place of business at 3300 Rider Trail S., Suite 500, Earth City, MO 63045-1338.

13. Upon information and belief, Resurgent is, and at all times mentioned herein, was a debt collection agency located in Greenville, SC.

14. Upon information and belief, Resurgent has a principal place of business at 55 Beattie Place, Suite 110, Greenville, SC 29601.

15. Defendants, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection". Accordingly, Defendants are a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime prior to February 17, 2021, Plaintiff allegedly incurred some financial obligations owed to Credit One Bank N.A. ("Credit One"). Plaintiff takes no position as to whether the debt is owed. These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by 15 U.S.C. § 1692a(5).

17. On or about February 17, 2021, Credit Control sent Plaintiff a collection letter attempting to collect $874.67 on behalf of the current creditor, Resurgent Receivables, LLC.

18. The April 13, 2021 was a "communication" pursuant to 15 U.S.C. § 1692a(2).

19. On May 14, 2021, Plaintiff sent a request for validation of the debt via facsimile for which Plaintiff received confirmation that Credit Control had received the facsimile.

20. Despite Plaintiff sending the letter via U.S.P.S mail to Credit Control, Defendants decided to move forward with collection attempts against Plaintiff without validating the alleged debt. Specifically, Defendants sent a collection letter to Plaintiff dated May 18, 2021 on behalf of Resurgent attempting to collect $874.67.

21. Defendants' failure to validate Plaintiff's alleged debt before continuing to attempt to collect through a lawsuit violated 15 U.S.C. § 1692g(b).

22. Moreover, 15 U.S.C. § 1692d provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Here, Defendants' continued collection without regard to Plaintiff's request to validation was harassing and abusive.

24. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, attorneys' fees, mental and emotional pain and anguish caused from the harassment. Plaintiff spent time drafting letters to Defendants for which Defendants never provided validation of the subject debt.

25. Due to Defendants' ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692 et seq.

26. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

27. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq. Defendants' failure to validate the debt to Plaintiff violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692d.

28. As a result of Defendants' violations of 15 U.S.C. § 1692 et seq., Plaintiff is entitled up to $1,000 per defendant in statutory damages and actual damages, in addition to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and that Plaintiff be awarded damages from Defendants, as follows:

- An award of $1,000 in statutory damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by Defendants, pursuant to 15 U.S.C. § 1692k(a)(1);
- Pre-judgment and post-judgment interest;
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff demands a trial by jury of any and all triable issues

Date: March 31, 2022                                  **Kazerouni Law Group**

By: *s/ Ryan L. McBride*
Ryan L. McBride

Ryan L. McBride
ryan@kazlg.com
**Kazerouni Law Group, APC**
4455 E. Camelback Road, Ste. C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
Attorneys for Plaintiff